UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IRON WORKERS' LOCAL NO. 25
PENSION FUND, et al.,                                      Case No. 16-12427

      Plaintiffs,                                          Honorable Nancy G. Edmunds

v.

SCOTTYCO STEEL & ERECTION, et al.,

      Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT SCOTTYCO STEEL & ERECTION [10]**

Plaintiffs move for entry of default judgment against Defendant ScottyCo Steel & Erection. For the reasons set forth below, Plaintiffs' motion is GRANTED.

On June 28, 2016, Plaintiffs filed this action alleging that Defendant failed to pay benefits due under various provisions of ERISA, including but not limited to 29 U.S.C. § 1145. On July 7, 2016, Defendant was served with Plaintiffs' Complaint. Defendant failed to file an appearance, answer, or any responsive pleading. On August 2, 2016, the Clerk entered a default against Defendant "for failure to plead or otherwise defend."

Plaintiffs seek default judgment and $6,487.06 in statutory damages, costs, and attorney fees.

The first procedural step necessary to obtain a default judgment following a defendant's failure to plead or defend is an entry of a default by the clerk upon a plaintiff's request. FED. R. CIV. P. 55(a). Rule 55(a) states: "When a party against whom a judgment for affirmative relief is sought has failed to plea or otherwise defend, and that failure is

shown by affidavit or otherwise, the clerk must enter the party's default." *Id.* Once a default is entered by the clerk, the defendant is considered to have admitted all of the well-pleaded allegations in the complaint. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). Where damages are unliquidated, however, a default admits only a defendant's liability, and the plaintiff must still establish the amount of damages. *Id.*

Plaintiffs have complied with all the requirements for default judgment, so their motion is GRANTED.

IT IS HEREBY ORDERED that a Judgment by Default is entered against Defendant in the amount of $6,487.06, calculated as follows: unpaid contributions in the amount of $5,345.06; and attorney fees and costs of collection in the amount of $1,142.00.

IT IS FURTHER ORDERED that Defendant open up its books and records in order that a complete payroll audit through the present be conducted to determine any further due and owing unpaid contributions beyond those set forth herein;

ITS FURTHER ORDERED that Plaintiffs shall move to have this Judgment amended to include any further due and owing amounts as determined by the aforementioned audit plus the further mandates of 29 USC §1132(g)(2), liquidated damages, and actual fees and costs.

IT IS FURTHER ORDERED that Defendant is enjoined from any further breach of the Collective Bargaining Agreement as same relates in any way to the payment of contributions to Plaintiffs; and

IT IS FURTHER ORDERED that jurisdiction of this matter be retained pending compliance with the Court's orders.

s/Nancy G. Edmunds  
Nancy G. Edmunds  
United States District Judge

Dated: October 4, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 4, 2016, by electronic and/or ordinary mail.

s/Carol J. Bethel  
Case Manager